UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

RENEE TARTAGLIONE,

> Petitioner,

v.

WARDEN EASTER,

> Respondent.

CIVIL ACTION NO.
3:20 - CV - 1165 (CSH)

JANUARY 5, 2021

## ORDER DISMISSING CASE

**HAIGHT, Senior District Judge:**

### I.  INTRODUCTION

At the commencement of this action, petitioner Renee Tartaglione ("Petitioner") was an inmate at the Federal Correctional Institution at Danbury, Connecticut ("FCI Danbury), a low-security facility at which conditions were the subject of a class action lawsuit pending before Judge Michael P. Shea of this District.  *See Whitted v. Easter*, *et al.*, No. 3:20-cv-569 (MPS). In that class action, in which Petitioner was a member, class member prisoners sought home release from FCI Danbury due to their medically vulnerable health conditions and resulting concerns regarding exposure in that facility to the COVID-19 pandemic.[1]  On September 19, 2020, Judge Shea approved

---

[1] In the Petition in the *Whitted* action, Petitioners asserted that they brought their action "against the Warden of FCI Danbury and the Director of the Federal Bureau of Prisons ("BOP") on behalf of themselves and the class of prisoners held at FCI Danbury who are at imminent risk of contracting COVID-19, which feeds on precisely the unsafe, congregate conditions in which they are held."  *Whitted*, No. 3:20-cv-569 (MPS), Doc. 1 ("Petition for Writ of Habeas Corpus"), at 2.

1

the settlement agreement in the class action litigation.  Thereafter, Petitioner's request for home confinement was set to be reviewed, consistent with the terms of the settlement agreement.[2]

On August 11, 2020, Tartaglione remained imprisoned, awaiting resolution of her request for home release. On that date, pursuant to 28 U.S.C. § 2241, she filed a habeas corpus petition with this Court (the "Petition"), asserting that her "constitutional rights [we]re being violated in the execution of [her 82-month] sentence during the pandemic." Doc. 1, ¶ 19.  Specifically, Petitioner alleged that she was endangered by the possibility of contracting COVID-19 because she was "a few months short of being 65 year[s] old with severe thyroid issues since [she] was young." Doc. 1, at 8.  In response to the Petition, Respondent Diane Easter, Warden of FCI Danbury, moved to dismiss the present action on multiple grounds.  Doc. 7.  With Respondent's consent, Plaintiff successfully moved three times for extensions to respond to Respondent's motion to dismiss; and the final deadline Tartaglione sought and secured for her response was  December 30, 2020.  Docs. 10-15.

On December 16, 2020, Tartaglione, through counsel, sought withdrawal of her Petition in the present action, stating that she had been released by the Bureau of Prisons to home confinement. Doc. 16.  Pursuant to Federal Rule of Civil Procedure 41(a)(2), she filed a Notice to "seek a dismissal without prejudice."  *Id.* (citation omitted).

---

[2]  As to Petitioner's background, on August 10, 2018, following a 19-day trial, she was convicted in the U.S. District Court for the Eastern District of Pennsylvania and sentenced to 82 months of incarceration for 53 fraud-related counts for her role in defrauding a community health clinic. Plaintiff has described these crimes as "conspiracy," "mail fraud," "theft from a healthcare business," and "false statements on tax returns.  Doc. 1, at ¶¶ 1-6 (citing D.C. Criminal No. 2-15-cr-00491-001).  On appeal, the Third Circuit affirmed Tartaglione's conviction, with a minor adjustment in restitution owed to the I.R.S., as suggested by the Government on appeal.  *See United States v. Tartaglione*, 815 F. App'x 648, 655 (3d Cir. 2020) ("[W]e will affirm the judgment of the District Court as modified by the reduction in the restitution awarded to the IRS by $6,113.").

## II.  DISCUSSION

### A.  Fed. R. Civ. P. 41(a) - Voluntary Dismissal

In her "Notice of Withdrawal of Petition," Petitioner specifies that she "submits this Notice pursuant to Fed. R. Civ. P. 41(a)(2)." Doc. 16, at 1.  Captioned "Voluntary Dismissal," Rule 41(a) sets forth two separate provisions: 41(a)(1) and 41(a)(2).  Under Rule 41(a)(1), a plaintiff may withdraw his or her action "[w]ithout a court order" if either the notice of dismissal has been filed "before the opposing party serves either an answer or a motion for summary judgment" or there is a "stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a)(1)(A)(i)-(ii).  In all other situations, pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request *only by court order*, on terms that the court considers proper." *Id.* 41(a)(2) (emphasis added).  Voluntary dismissal without prejudice under Rule 41(a)(2) lies within the discretion of the court, *Catanzano v. Wing*, 277 F.3d 99, 109 (2d Cir. 2001), and is reviewed only for an abuse of discretion, *Cohen v. DHB Indus., Inc.*, 658 F. App'x 593, 594 (2d Cir. 2016) (citation omitted).

Plaintiff seeks the Court's order to grant her voluntary dismissal under Rule 41(a)(2).  Nonetheless,  with respect to the filings on the record, it appears that Rule 41(a)(1)(A)(i) may apply to her Notice of Withdrawal.  As described above, under that provision, "the plaintiff may dismiss an action *without a court order* by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i) (emphasis added).  In those circumstances, "[u]nless the notice . . . states otherwise, the dismissal is without prejudice." *Id.* 41(a)(1)(B).

In the case at bar, other than an "Appearance" of counsel for Warden Easter [Doc. 6] and a "Motion to Dismiss" [Doc. 7], Respondent has filed no pleadings – specifically, no "answer or a

motion for summary judgment" under Rule 41(a)(1)(A)(i).  As this District has repeatedly held, "it is clear that service of a motion to dismiss under Rule 12(b)(6) does not prevent a plaintiff from filing a 41(a)(1)[(A)](i) voluntary dismissal." *Lindquist v. Murphy*, No. 3:15-CV-0870 (CSH), 2015 WL 6692244, at *2 (D. Conn. Nov. 3, 2015) (collecting cases).  Applying Rule 41(a)(1)(A)(i) and (B) to the case at bar, Plaintiff is entitled to voluntary dismissal without prejudice.

## B. *Zagano* Factors - Dismissal Without Prejudice under Fed. R. Civ. P. 41(a)(2)

Alternatively, even if the Court were to apply Federal Rule of Civil Procedure 41(a)(2) to the "Notice," as Petitioner requests, there exist adequate grounds for the Court to order dismissal without prejudice. Within the Second Circuit, there is a presumption that "[g]enerally, . . . a voluntary dismissal without prejudice under Rule 41(a)(2) will be allowed 'if the defendant will not be prejudiced thereby.'" *Catanzano*, 277 F.3d at 109 (quoting *Wakefield v. N. Telecom, Inc.,* 769 F.2d 109, 114 (2d Cir.1985)).  As discussed *supra*, a dismissal under Rule 41(a)(2) is reviewed only for an abuse of discretion.  *See, e.g., Cohen,* 658 F. App'x at 594 (citation omitted).

In making the determination of whether to dismiss without prejudice, the Court considers five factors, as delineated by the Second Circuit in *Zagano v. Fordham Univ*ersity, 900 F.2d 12  (2d Cir. 1990):

> [1] the plaintiff's diligence in bringing the motion; [2] any "undue vexatiousness" on plaintiff's part; [3] the extent to which the suit has progressed, including the defendant's effort and expense in preparation for trial; [4] the duplicative expense of relitigation; and [5] the adequacy of plaintiff's explanation for the need to dismiss.

900 F.3d at 14. "In addition, dismissal without prejudice is improper 'if the defendant would suffer some plain legal prejudice other than the mere prospect of a second lawsuit.'" *Baiul v. NBC Sports, a division of NBCUniversal Media LLC*, 708 F. App'x 710, 714 (2d Cir. 2017) (quoting *Kwan v.*

*Schlein*, 643 F.3d 224, 230 (2d Cir. 2011)).

Here, Respondent has filed no objection to the "Notice of Withdrawal of Petition" so there has been no showing of substantial prejudice to the defendant. *See, e.g., Catanzano*, 177 F.3d at 109; *United States v. Harrell*, No. 13 CR. 416 (RMB), 2020 WL 209000, at *2 (S.D.N.Y. Jan. 14, 2020). Moreover, each *Zagano* factor favors dismissal. First, Petitioner has brought her request to dismiss with diligence, filing it within weeks (if not days) following her release from FCI Danbury to home confinement.[3] Second, in filing promptly and in response to her release from FCI Danbury, she has displayed no "vexatiousness." Third, as to Respondent's efforts and expense in preparing for trial, although Respondent has filed a motion to dismiss, the action remains in its initial stages. For example, no discovery has occurred. "The standard for concluding that a suit may not be dismissed voluntarily is high and is generally only satisfied by a showing of significant resources and expenses incurred by the respondent, such as substantial discovery, trial preparation, or motion practice." *Harrell*, 2020 WL 209000, at *3. The present record here does not support such a finding. Fourth, because the action has not progressed beyond the early phase of proceedings, there is no evidence that there would be substantial duplicative expenses if the matter were relitigated. As discussed above, neither party has suggested that discovery has commenced; and Respondent could simply refile her motion to dismiss if the action recommenced. In the Second Circuit, "[t]he fact that the Petitioner may seek a future writ of habeas corpus is not in and of itself prejudicial." *Id.* at *2. Fifth, and finally, Petitioner's explanation for moving to dismiss is "adequate" in that her release to

---

[3] On November 22, 2020, Petitioner's counsel wrote in a "Consent Motion for Extension of Time" [Doc. 14], seeking an extension to respond to Respondent's motion to dismiss, that "[o]nce Ms. Tartaglione is released to home confinement, counsel intends to file a Notice of Voluntary Dismissal." Doc. 14, ¶ 4. On December 16, 2020, fifteen days later, Petitioner filed her Notice to withdraw the Petition. Doc. 16.

home confinement has rendered her Petition moot.  In addition, because Petitioner has received her requested relief, there is no evidence that there will be a need for a second lawsuit, much less any other legal prejudice to Respondent.  Accordingly, under the *Zagano* factors and applicable Second Circuit precedent, the Court finds that dismissal of the instant action without prejudice is warranted.

### III.  CONCLUSION

Alternatively applying Federal Rule of Civil Procedure 41(a)(1) and/or 41(a)(2), the Court DISMISSES this action WITHOUT PREJUDICE.  The Clerk is directed to close the file.

It is SO ORDERED.

DATED: New Haven, Connecticut
        January 5, 2021

                                              */s/Charles S. Haight, Jr.*
                                              CHARLES S. HAIGHT, JR.
                                              Senior United States District Judge